Battle, J.
 

 A sale made by the clerk and master, under an order of a court of equity, is in no case complete until it is reported to, and confirmed by, the court. Until then, the so-called purchaser is only a bidder, making an offer of a certain price for the land, and showing his ability to pay by giving bond with good and sufficient security. If the court be satisfied, from the master’s report, that the price offered is a full and fair one, it will accept the bid by confirming the report and declaring the bidder to be purchaser. But, if, on the contrary, the court be informed by the master’s report, or by affidavits, that the sum bid for the land is not its full value, it will be its duty to set aside the report and order a re-sale of the land. Of this, the so-called purchaser has no 1-ight to complain, because he knew, or ought to have known, that his bid was made subject to the condition of its acceptance or rejection by the court; see
 
 Scott
 
 v.
 
 Nesbitt,
 
 3 Bro. Ch. Cas. 475;
 
 Williams
 
 v.
 
 Dale,
 
 3 John. Ch. Cas. 271;
 
 Lanoy
 
 v.
 
 McPherson,
 
 Ibid. 425. These cases show that where the report of the sale has not been confirmed, the biddings may be opened on a proposed advance of price merely. The counsel for the would-be purchaser, admits this to be the rule when the sale is made for the benefit of infants, but contends that it is different when the order of sale is obtained at the
 
 *484
 
 instance, and for the benefit, of adults, who are able to tfjke care of their own interests. The reply is, that from the very nature of the proceeding the sale is only a conditional one, and the condition is that the court must be satisfied that the sum offered is a full and fair price for the land sold. Besides, in the present case, the counsel for the petitioners has very properly said that they, being, most of them, married women, have as strong a need of the protective power of the Court as if they were infants. Upon the whole, we are satisfied that his Honor, in the Court below, committed no error in directing the report of the master, as to the sale of the principle tract of land, to be set aside, and ordering a re-sale óf it. The report as to the other tract was set aside at the instance of the bidder himself, and of course, he has no' right to object to that.
 

 The interlocutory order is affirmed, and this will be certified to the Court below as the law directs.
 

 Bee CueiaM, Decree accordingly.