Pearson, C. J.
 

 When the case was here before, (ante 212,) we pointed out the
 
 “
 
 orderly mode of proceeding,” where the agency of a court of equity is resorted to in order to sell land.
 

 On the coming in of the master’s report, if the court is sat
 
 *308
 
 isfied that the interest of the petitioner, for whom the court is acting, has been attended to, the first order is to confirm the sale. The effect of which, is, to
 
 accept
 
 the bid of the purchaser, which is necessary, in order to “bind the bargain,” so far as the petitioner is concerned. The purchaser is not a party to this order. Pie is not, then, before the court, and, of course his rights are not, in any way, prejudiced by the order of confirmation.
 

 Whereupon the court being informed by the master, that the purchaser declines to comply with the terms of the sale, a rule is taken on him to show- eause; which ‘ may be returned instanter if the purchaser is present. The object of the rule is to bring the purchaser before the court, and upon its return,
 
 both
 
 parties are then heard, and the court adopts one of the three orders set out in our former opinion.
 

 His Honor erred in making any further order, until the return of the rule; and, indeed the order which is made assumes that the purchaser will not be able to show any good cause, and proceeds to direct what shall be done in that event.
 

 We presume his Honor was misled by the orders made in the case of
 
 Harding
 
 v. Yarbrough, which the reporter appends as a note to this case. In. that case, thé purchaser made no difficulty, because of a defect in the title, or any irregularity in the mode of conducting the sale, or otherwise. The sole difficulty grew out of an inability to give the security.— So in
 
 Harding v. Harding,
 
 18, Eng. Ch. Rep. 514, from which the order in
 
 Harding
 
 v.
 
 Yarbrough
 
 was taken, there had been a reference, as to the title, (which is always done in England, on account of the very complicated condition of titles in that country,) and the only object was to compel the purchaser to comply with the terms of sale. In ou.r case the purchaser had a right to be heard in reference to his objections to the manner 'of making the sale, or to the title, or any other ground of objection, and the object of the nde-was to give him a day in court, and an opportunity of being heard. So the entry in
 
 Hardvng
 
 v. Yarbrough, had no application.
 

 This opinion will be certified that further proceedings may
 
 *309
 
 be taken in the court below; the orders in that court being reversed, except so much as confirms the sale, and directs a rule on the purchaser to show cause at the next term.
 

 Pee Cueiam, Order below reversed.