LUKE MASON *v.* JAMES OSGOOD, Adm'r, &c., and others.

One who alleges that, as last and highest bidder, he had purchased lands at a sale made by an administrator under a license from the (late) County Court, and tendered a good note for the purchase money, but that the administrator refused to make title, and did not report the sale to Court, as was his duty, but had conveyed to a third person: should have sought relief by application to the Court which granted the license, and *in the case* made by the petition to sell, and cannot maintain *a bill in equity* against the administrator and the purchaser, asking for title, &c.

According to the plaintiff's case, the administrator had no license to sell to the party to whom he had conveyed, and therefore such sale was a nullity, and the plaintiff could not proceed against him under the idea that he was a trustee, &c.

BILL in equity, filed February 1868, and argued upon demurrer, before *Thomas, J.,* at Spring Term 1869 of CRAVEN Court.

The plaintiff alleged that the defendant Osgood, as administrator of one Hood, had obtained a license from the County Court of Craven to sell a tract of land, which he described, and that at the sale (Dec. 9th 1867,) he had become the last and highest bidder, for $115.00, and having immediately thereafter offered to pay a part of the price in U. S. currency, and to give a note with good security for the balance, subsequently (January 28th 1868,) tendered a bond with good security for the whole, which Osgood refused to accept, but not on account of its insufficiency; and that since the sale Osgood had conveyed the land to one Hume, also made a defendant, for the price of $165.00, Hume then knowing that the plaintiff had purchased as above. The prayer was for an injunction against both, for a title, &c.

The defendants demurred.

His Honor dismissed the bill ; and the plaintiff appealed.

*Haughton* and *Phillips & Merrimon,* for the appellant.
*Battle & Sons* and *R. G. Lewis, contra.*

Dick, J.   A sheriff has authority under an execution to
levy upon and sell the lands of the judgment debtor.   The
purchaser at such sale has a right, upon the payment of the
purchase money, to demand a deed from the sheriff, and
when the deed is executed, the title will have relation to the
time of sale.   An administrator's authority is more limited
where he sells the lands of the intestate under a license ob-
tained from Court.   He is a mere agent of the Court to
execute a naked power, and a purchaser acquires no right to
the land until the sale is confirmed, and title made, under an
order of the Court granting the power of sale.   If the ad-
ministrator fails to report the sale, the purchaser may apply
to the Court by a motion in the cause, for a rule to compel
such return, so that the Court may confirm the sale if it sees
proper.

In our case, as the sale was not confirmed, the plaintiff
has no right to the land, and no claim to equitable relief.

There is another objection to the relief demanded, appa-
rent on the face of the bill of the plaintiff.   The defendant
Hume has not the legal title, and therefore cannot be
declared a trustee for another person.   The administrator
had no authority to make a sale to the co-defendant, and of
course no title passed.   The title is still in the heirs-at-law
of the intestate, and they are not parties.   The Superior
Court now has no power to compel the administrator to
make a report of the sale.   That relief ought to have been
sought by a motion in the cause, in the County Court.

There is no error.

PER CURIAM.                              Judgment affirmed.