WILLIAM BROWN and others v. WILLIAM COBLE and others..

*Practice — Sale Under Decree of Court — Description of Land — Joinder of Action.*

1. It does not require an order of Court to authorize the *bona fide* receipt of money by a Clerk and Master upon a bond before its maturity, given for the purchase of land at a sale under decree of Court which has been duly confirmed.

2. After the payment of the purchase money for land sold under decree of Court an order of Court is not necessary to enable the Master to make a valid deed to the purchaser. In such case, however. the Master and purchaser take upon themselves the risk of determining that the case is one in which such an order would be fit and proper.

3. "That John Brown, the ancestor of the petitioners died seized and possessed of a tract of land in said County of Guilford, on the waters of 'Stinking Quarter ' adjoining the lands of —————," is not so defective a description that it may not be possible to identify with certainty the land meant.

4. A claim for the recovery of real estate which has been sold under decree of a Court of Equity can not be joined in the same action with a claim against the Clerk and Master for the purchase money.

(*Broughton* v. *Haywood*, Phil. 380; *Dockery* v. *French*, 73 N. C. 420, cited, distinguished and approved.)

CIVIL ACTION, tried at Spring Term, 1876, of GUILFORD Superior Court, before *Kerr, J.*

This suit was instituted to recover a tract of land. which had been sold by the late Clerk and Master, under a Decree of the late Court of Equity for said County, made at Fall Term, 1862, in a proceeding for partition, on a credit of twelve months, when one W. E. Goley became the purchaser at $1,575 and gave bond and security for the payment thereof. The money—Confederate currency—was paid before it was due and thereupon the Master executed a deed to the purchaser.

After Goley's death, the said land was sold by order of the County Court for assets, when Ferebee Goley his widow became the purchaser, obtained a deed and conveyed to the defendant William Coble.

It did not appear that there was any order of the Court of Equity to collect and distribute the proceeds of sale, or to execute a deed for the land.

The original petition for the sale of said land for partition and the papers in the case in said Court of Equity were transferred by the petitioners therein, who are the present plaintiffs, to the Superior Court, on January 3, 1872, and at December Term, 1873, of said Court, they moved for judgment against the sureties on the bond of the purchaser (Goley.)

The docket of said Court did not show that any disposition of the case had been made under said motion.

The plaintiffs demanded that the deed from the Clerk and Master to Goley be cancelled and that they be let into possession of the land; or if upon consideration of the whole case the Court should be of opinion that they were not so entitled. then in that event they demanded judgment against the administrator of the late Clerk and Master for the value of the money received by his intestate.

The defendants insisted that under the proceedings had they were entitled to the said possession.

Upon the issues submitted and under the instructions of His Honor, the jury rendered a verdict for defendants. Judgment. Appeal by plaintiffs.

*Messrs. Scott & Caldwell*, for plaintiffs.
*Messrs. Dillard & Gilmer*, for defendants.

RODMAN, J. It is argued for the plaintiffs that Goley who purchased at the sale by the Master on 13th December, 1862, acquired no title, because the Court of Equity never

ordered the purchase money to be collected and never ordered a deed to be made to the purchaser.

1. When a Court orders a sale on a certain credit, as of twelve months in this case, and a sale is so made and the bond of the purchaser is taken payable at the end of the credit given, and the sale is confirmed, the Master is authorized by a necessary implication to receive the money when it falls due; for it is the right of every debtor to pay at that time. It is not his right to pay before. The creditor, however, may waive his right and consent to receive payment before maturity. A Clerk and Master may do this without an order of the Court; or at least if he does it, he and the sureties to his bond become liable for the sum received. This was decided in *Broughton* v. *Haywood*, Phil. 380.

In this case as the full amount of the note was paid without discount the prepayment did not damage the plaintiffs.

No question has been made as to the effect of the payment having been made in Confederate currency and therefore no observations are necessary on it.

There is no allegation that the payment was fraudulently made as in *Dockery* v. *French*, 73 N. C. 420.

2. An order that the Master make a deed to the purchaser is not necessary *after the payment of the purchase money* and a deed made without such order passes the title. The withholding of the title can have no other object *after the sale has been confirmed*, than to secure the purchase money and when that is paid, the purchaser, in the absence of special circumstances, has an absolute right to a conveyance of the legal estate. Such an order is both usual and proper. But ordinarily when the money has been paid and there is no special reason making it unfit, it is an order of course. Its advantage is that it is an adjudication of the Court that it is in all respects a fit case for such an order, binding the parties to the action and protecting the Master and the purchaser.

Without such an order the Master and the purchaser take on themselves the risk of determining that the case is one in which such an order would be fit and proper.

If the case be really such, then the order being of course will be presumed to have been made and its actual entry of record is unnecessary.

In the present case no fact is stated and no reason is assigned why the order would not have been of course, at any time since the payment of the money, and why it should not be so now.

3. The plaintiffs further contend that the deed to Goley did not convey any title to him, because the description of the land in the petition for partition was too indefinite. That part of the petition which describes the land is as follows; "That said John Brown (the ancestor of the petitioners) died seized and possessed of a tract of land in said County of Guilford, on the waters of 'Stinking Quarter,' adjoining the lands of ————." The order of sale only describes it as "the said land." The description in the deed from the Master is by metes and bounds, and the deed recites that the sale was made on the premises. The description in the petition is not so defective that it may not be possible to identify with certainty the land meant. It is in a certain County, on a certain stream and is that piece of land of which John Brown died seized and possessed. Appropriate evidence either of written title in John Brown or of actual possession by him would be competent to ascertain the land. If indeed by mistake or otherwise the deed from the Master covered land of the plaintiffs, not described in the petition or order of sale, no doubt they would have a remedy.

But the case states that the land sued for is that which was sold under the proceedings for partition.

4. Without considering that one or two of the plaintiffs are alleged to have compromised and released their rights, we are of the opinion upon the reasons above, that the plain-

tiffs are not entitled to recover the land from the defendant Coble now in possession.

5. The plaintiffs in their complaint demand that if they shall be adjudged not entitled to the land, they may have judgment against the administrator of the deceased Clerk and Master for the purchase money.

We cannot consider in this action what their rights in this respect may be, because we think it clear that a claim to the land cannot be joined with a claim against the Master for the purchase money.

In the first demand, the representative of the Master has no interest, and in the second the other defendants have none.

Judgment affirmed and action dismissed without prejudice to any rights of the plaintiffs or of any of them against the representative of the deceased Clerk and Master, or against the sureties to his official bond.

PER CURIAM.                    Judgment affirmed.