JAMES O. LATTA *v.* RILEY VICKERS.

*Sale for Partition—Infants—Confederate Money.*

In 1863 a petition was filed for sale of land for partition by certain tenants in common, among whom was the plaintiff, then a minor, appearing by next friend ; there was a decree of sale, a sale in December 1863, a report to fall term, 1864, and a decree confirming sale, a payment to clerk and master in September, 1834, in confederate money, a decree at spring term, 1865, directing clerk and master to pay over proceeds to petitioners, and to the plaintiff's guardian ; at fall term 1866, is the following entry : "collect and make title, but not issue execution ;" title was made in April, 1866 ; the price paid was a fair one at the time of sale, but the land has subsequently increased in value ; *Held* :

(1) The plaintiff has no equity to disturb the sale, or any of the orders.

(2) A formal direction to make title is not necessary when the order of sale reserves the title as an additional security for the purchase money, and the money has been paid.

(*Brown* v. *Coble*, 76 N. C., 391 ; *Wetherell* v. *Gorman*, 73 N. C., 380, cited and approved.)

CIVIL ACTION tried at Spring Term, 1879, of ORANGE Superior Court, before *McKoy, J.*

The plaintiff is one of four tenants in common in whose name a petition was filed in the late court of equity of Orange county at fall term, 1863, for partition and sale of a tract of land of one hundred and fifty acres, the plaintiff an infant appearing by his uncle and next friend the petitioner, Anderson Latta. A decree of sale was then made, and pursuant to its terms, the clerk and master advertised and exposed the land to public sale at Durham on December 1st, 1863, and the defendant became the purchaser at the price of thirty-three hundred and seventy-five dollars, and gave his bond therefor with sureties payable at six months. James C. Latta who had meanwhile been appointed guardian to the plaintiff was present at the sale. On June 1st,

1864, when the bond became due, the defendant tendered payment to the clerk and master, and he refused to receive the money on the ground that there had been no term of the court since the sale and it was not confirmed. The report was made to fall term following and the sale confirmed. Thereupon on September 16th 1864, the defendant paid into the office his debt, principal and interest in confederate currency, and his bond was surrendered to him. At spring term, 1865, a decree was entered directing the clerk and master to pay over to the petitioners the proceeds of the sale, first deducting the costs, declaring their respective interests in the fund, and that the plaintiff's share " to be paid to his guardian James Latta." At September term, 1866, is found the following entry : " Collect and make title, but not issue execution." The clerk and master made title to the defendant by his deed bearing date April 24th, 1866. The land was poor and sold for a fair price in confederate money, but its value has since greatly increased in consequence of the growth of the town of Durham near which it lies. The purchase and payment by the defendant were in entire good faith, and he had no agency in causing the various orders in the cause to be entered on the docket during its progress. The plaintiff arrived at full age on April 2nd, 1874. The petitioners, except the plaintiff, have received their shares, and his, remaining in the office, has become worthless. The plaintiff has heretofore sought relief by a motion in the cause and been refused, for the reason that the suit had been ended by a final decree, and this was not the appropriate remedy. He brings the present action to annul the defendant's deed, so far as it affects his interests, to charge the land with the payment of whatever sum shall, on enquiry, be ascertained to be due to him, and in case of non-payment, for a resale. The facts are found by His Honor, the counsel consenting to his passing upon them, or appear from the record, the transcript of which accom-

panies the case on appeal.   Upon the hearing the cause was dismissed, from which judgment the plaintiff appealed.

*Messrs. Graham & Ruffin,* for plaintiff.
*Mr. John M. Moring,* for defendant.

SMITH, C. J., after stating the case.   The case shows no equity in the plaintiff calling for the intervention of the court, and the disturbance of the successive orders and final judgment in the cause.   The proceedings were conducted in accordance with the established and regular practice, and the petitioner was represented by his next friend in association with others, whose interests were identical with his own.   No imputation upon the integrity of the defendant's conduct is made, no suggestion of unfair means used to influence the action of the court, and no reason, except the plaintiff's minority, is now assigned for interference with the proceedings.   When paid into office and the order of distribution entered, it is his misfortune that the guardian did not take out his share of the money, as did the others, and by investment or otherwise make it available.   It belonged to the plaintiff and its loss must fall on him.   If confidence is to be reposed in the action of the courts, within the sphere of their jurisdiction, and their judgments upheld, there is no basis upon which the plaintiff's claim can be enforced.   The land was sold when confederate money was the only currency, for its value, and payment tendered when the currency was less depreciated than at the time of sale. The sale was reported and confirmed, the purchase money paid, title ordered to be made, and made.   It is true some of the decretal orders do not accord in time with what seems to have been done under them, but if not erroneously dated, they must be understood as intended to be, and have the effect of a recognition and ratification of an authority previously exercised and known.

But a formal direction to make title is not necessary when the order of sale, as in this case, reserves the title as an additional security for the purchase money, and the purchase money has been paid. " Whenever a court orders a sale," says RODMAN, J., " on a certain credit, as twelve months in this case, and a sale is so made, and the bond of the purchaser is taken payable at the end of the credit given, and the sale is confirmed, the master is authorized by a necessary implication to receive the money when it falls due. * * * An order that the master make a deed to the purchaser is not necessary after the payment of the purchase money, *and a deed without such order passes the title.*" *Brown* v. *Coble,* 76 N. C., 391.

The cases cited for the plaintiff when a payment in confederate money was only allowed its scaled value, or rejected, were cases arising upon notes given before the war, or the terms of the order were not complied with; or as in *Wetherell* v. *Gorman,* 73 N. C., 380, the sale for confederate money was made in April, 1865, when by the collapse of the confederate government its currency perished.

It must therefore be declared there is no error, and the judgment dismissing the action is affirmed.

No error.                                             Affirmed.