G. W. FOUSHEE Adm'r v. H. O. DURHAM and others.

*Sale of land under Decree—Confirmation of, necessary.*

Confirmation *by the court* of a sale of land made under its decree is necessary to divest the title out of the party applying for the order of sale, and to validate a deed made by its commissioner to the purchaser.

(*Brown* v. *Coble,* 76 N. C., 391; *Latta* v. *Vickers,* 82 N. C., 501; *Mebane* v. *Mebane,* 80 N. C., 34, cited and approved.)

SPECIAL PROCEEDING to sell land for assets commenced in the probate court and heard on exceptions to a referee's report, at Spring Term, 1880, of CHATHAM Superior Court, before *Seymour, J.*

The heirs at law of the plaintiff's intestate, James Edwards, appealed from the judgment of the court below.

*Mr. John Manning,* for plaintiff.

*Messrs. H. A. London, Jr.,* and *J. B. Batchelor,* for defendants.

SMITH, C. J. The plaintiff, administrator of James Edwards, finding the personal estate insufficient, applied for and obtained leave to sell and convert into assets for the payment of debts certain real estate of his intestate which is described in the petition. The sale took place on July 3rd, 1876, when the defendant, Andrew J. Riggsbee, became the purchaser at the price of $2,242, for which sum he executed his bond with surety. The intestate was indebted to. Riggsbee in the amount of $800, which with a small sum paid in money was credited on the bond. The sale was reported and confirmed by the court, and the administrator directed to make title when the residue of the purchase money was paid.

Riggsbee, discovering a defect in the title of the intestate

to the land, upon affidavit thereof applied to the court to be relieved from his contract by the surrender of the bond, the return of the money and the surrender of the evidences of debt with which the partial payment had been made. Pending the application, and to remove the grounds of complaint, a rule seems to have been made, though the record is silent on the subject, requiring S. W. Gattis and Lucetta J., his wife, (supposed to possess an estate in the premises) to appear and show cause why they should not be compelled to execute a deed of release to the purchaser, and thus perfect his title. In obedience to this rule, these parties answer and say that the land formerly belonged to Espie Ann Burnett, and at her death descended to her two infant daughters, Antoinette and defendant, Lucetta, subject to the life estate of their father, Lucien Burnett, as tenant by the courtesy; that the said Lucien filed a petition in the name of himself and his said daughters, they being then respectively of the age of seventeen and twelve years, in the court of equity for a sale of the land, and that pursuant to a decree therein the same was sold by the clerk and master in November, 1846, for $200, to Isaiah Burnett, father of said Lucien; that on October 22d, 1847, Isaiah Burnett, for the consideration of $1,200, sold and conveyed the same to Wesley Edwards, and at his death it descended to his sister and brothers, one of whom is the intestate of the plaintiff; that Antoinette died in 1871, and defendant Lucetta is her only heir at law; that the records show no confirmation by the court of the report of sale, no order for title, and no disposition of the funds, and that the said Lucien is still living. It was thereupon referred to James H. Headen to make inquiry and report the action of the court in the premises, and the validity of the intestate's title. The report was accordingly made at fall term, 1879, accompanied with memoranda from the docket of the court, the deposition of

Lucien Burnett and other evidence, and the referee finds as follows:

Espie Ann Burnett, to whom the land belonged, with her husband Lucien, contracted with Edwin P. Snipes to sell the land to him at the price of two dollars an acre, and received payment, but she died, without having executed a deed, in 1843, leaving the said Antoinette and Lucetta, aged ten and fifteen years, the former of whom has since died leaving her sister sole heir at law; that the said Snipes has sold and conveyed his estate to Wesley Edwards, a brother of the intestate; that at fall term, 1844, the petition was filed by Lucien in the name of himself and his daughters for a sale of the land; that a decree made directed a sale by the clerk and master; that he sold the land on February 12th, 1845, and reported the sale at spring term following; that the report was confirmed, the purchase money paid, title ordered, and a deed executed November 9th, 1846, to the said Isaiah Burnett, conveying the lands; and that Wesley Edwards died and the plaintiff's intestate was his heir at law. As the result of these facts the referee finds that the intestate had an estate in fee in the land, and the purchaser will under the order of the court for a conveyance acquire a good and indefeasible estate therein.

Numerous exceptions were taken to the report some of which were sustained and others overruled by the court. Upon a review of the evidence, His Honor adjudged that the sale reported by the clerk and master was never confirmed, and that the contrary finding of the referee is not supported by the evidence. The cause was thereupon remanded to the probate judge, to the end that there be a re-sale of the life estate of said Lucien Burnett and other proceedings had therein.

As the finding of the facts by the court conclusively determines that the clerk and master's sale was never sanctioned by the court, nor the deed subsequently executed

authorized, the only question of law raised by the appeal is as to the necessity of such confirmation to divest the estate out of the petitioners and give efficacy to the deed by which this is attempted to be done.

It cannot be necessary to discuss the proposition or cite authority in its support, that the concurrence and approval of the court are essential to the validity of the proceedings in every stage of its progress up to the final decree. While a former order for title may be dispensed with, when all that has been done is regular and in accordance with the orders of the court and the purchase money paid, for the security of which alone the title is retained, and the assent of the court will be presumed when the action is terminated, as is held in *Brown* v. *Coble*, 76 N. C., 391, and *Latta* v. *Vickers*, 82 N. C., 501, yet it is equally true that the court will not surrender to its commissioned agent that discretion and the exercise of those judicial functions which the law confides to the court alone. *Mebane* v. *Mebane*, 80 N. C., 34.

There is no error, and this will be certified.

No error.                                                Affirmed.