*In re* IOLA DICKERSON.

*Infants—Judicial Sale—Decree, Confirmation—Guardian.*

In an *ex parte* partition of an infant, by her guardian, it was stated, among other things, that the petitioner had received an offer of $125, which was more than the worth of the land. Upon the filing of the petition the Court, without taking any means to ascertain the necessity for the sale, directed it to be made, and that it should be " first advertised at the Court-house and three other public places," and no bid be received less than $125, and that the guardian should make conveyance. The land was sold to W. for $130, who paid the purchase-money and took conveyance; report of this sale was filed, but never confirmed. Subsequently the infant, by her next friend, moved to vacate the sale and for an order of resale: *Held,*

1. That the order of sale was not a final decree.

2. That the terms of the decree required a public sale.

3. That while a formal direction to make title is not always necessary, a confirmation of sale cannot be dispensed with.

4. That it was not error to set aside the sale and direct another; but the decree for resale should direct an account of the rents and accounts paid by the purchaser, who would be entitled to a lien on the fund for any balance found due him on such accounting.

MOTION to vacate sale of land, heard before *Brown, J.,* at February Term, 1892, of CRAVEN Superior Court.

It appears from the statement of the case that on December 7, 1882, Iola Dickerson, by her guardian William E.

Salter, and Solomon Fisher, filed the following petition in the Superior Court of Craven County, as follows:

1. That your petitioner is a minor of about thirteen years of age, and that William E. Salter is her general guardian; that she has no guardian *ad litem*.

2. That the said Iola Dickerson, his ward, is seized and possessed of an undivided half-interest in a tract of land in the county of Craven and State of North Carolina, consisting of one hundred and sixty acres of land, nearly all of which is woodland, only about twelve acres thereof being cleared, and that the said Solomon Fisher is the owner of the other half-interest therein.

3. That your petitioner has been unable to derive any revenue from said land, which from its character and location is of little value, and has not paid the taxes thereon for several years.

4. That your petitioner has received an offer of one hundred and twenty-five dollars for the interest of his ward in said land, which is, in the opinion of your petitioner, far beyond the value of said infant's interest.

5. That your petitioner has been unable to pay the taxes due on said land, and that the same are in arrears for four or five years. Wherefore, your petitioner prays that he may be appointed guardian *ad litem* for the said Iola Dickerson, and that he may be authorized and empowered by the Court to sell the interest of said minor in said land, and to make a deed to the purchaser thereof, and apply the proceeds, after paying the costs and taxes due on said land, to the maintenance and education of said minor.

Upon which the following order was made:

Upon reading the foregoing petition and affidavit it is ordered, adjudged and decreed that William E. Salter, the general guardian of the said Iola Dickerson, be appointed guardian *ad litem* for this proceeding, and that he supervise and attend to her interest herein, and make a deed to the

purchaser for said land upon the payment of the purchase-money by said purchaser, and that he be authorized, upon behalf of said infant, to execute a quitclaim deed to the other tenant in common, and to receive one from said tenant in behalf of said ward for said land. That said land shall first be advertised at the Court-house and three other public places in said county prior to said sale, and that no bid less than one hundred and twenty-five dollars be received therefor.

> E. W. CARPENTER,
> *Probate Judge and C. S. C.*

The foregoing order is approved.

Let the sale be made as therein directed.

> FRED. PHILIPS,
> *Judge.*

It further appears that on the 31st day of March, 1883, the said Wm. E. Salter, guardian *ad litem*, filed his report of sale.

The said report does not appear in the record, and it is nowhere stated in the case, or in the record, what was the price for which the land (or rather the interest of the petitioner, Iola Dickerson, in the land) was sold. It further appears in the statement of the case on appeal to this Court, "that said land was duly sold on 31st March, 1883, and one Samuel S. Willis became the purchaser, and a deed was executed to him therefor. That, on the 1st day of January, 1885, said Willis conveyed said land for value to one R. W. Bell, who is now dead, and whose interest in said land is now vested in W. R. and J. N. Bell. There was no order confirming the sale, and there seems to have been no further proceeding in the case until January 25, 1892, when, upon application to the Clerk of said Court, D. W. Sabiston was appointed next friend to Iola Dickerson, the former guardian,

W. E. Salter, having been heretofore removed, and, on the 10th of February, 1892, said Sabiston, as next friend of Iola Dickerson, filed the following petition:

1. That since the filing of the report of the sale of the land hereinafter described and set out, the said W. E. Salter has been regularly removed as the general guardian of the infant Iola Dickerson, and that your petitioner has been duly appointed her next friend in this proceeding.

2. That since the filing of the report in said proceeding, to-wit, on the 31st day of March, 1883, no confirmation of said report has been made by this Court, no confirmation thereof asked by said guardian W. E. Salter, or the purchaser at such sale as named in the said report, to-wit, S. S. Willis.

3. That since the sale and filing of the report aforesaid, and without any confirmation thereof, the said W. E. Salter has executed a deed of conveyance, to-wit, on the day of said sale, March 31, 1883, to said purchaser S. S. Willis, who, on the 1st day of January, 1885, conveyed the same to one R. W. Bell, who has since died, leaving a last will and testament, to which said will W. R. and J. N. Bell were duly appointed executors, and having qualified as such and entered duly on the discharge of the duties thereof, and by virtue of the provisions of said will, the real estate of said R. W. Bell has become vested in the said executors.

4. That the guardian, W. E. Salter as aforesaid, put the purchaser, S. S. Willis, in the possession of said land, who, and those claiming under him, have held possession thereof by virtue of the deed aforementioned, and are now in the possession thereof.

5. That the land aforedescribed is chiefly and almost mainly valuable for the timber growing and standing thereon, and that W. N. and J. R. Bell, their agents and employees, are cutting and removing the said timber rapidly from said land, and continue to threaten so to do, and your petitioner

is advised and believes that the said Bells have been advised by their counsel, and propose, in pursuance to said advice, to cut and remove said timber in as short time as possible, for that the infant Iola Dickerson might give them trouble concerning their title and possession of the said land.

6. That at the time of the sale and report of said guardian, the value of said land was in excess of that reported by said guardian, and that, to the knowledge of this petitioner, and upon reliable information and belief, this petitioner avers that the value thereof was at such time at least the sum of three hundred dollars, and that the value thereof at this time, and the sum offered therefor for the timber standing thereon, is five hundred dollars.

Wherefore, he prays that the sale aforesaid be set aside, that the infant Iola Dickerson be restored to the possession of said land, and that a commissioner be appointed to sell said land and report his action to this Court, and for such other and further relief as she may be entitled to.

This motion was refused by the Clerk, and at the same time J. N. and W. R. Bell, by their attorneys, moved for a confirmation of the sale, which motion was allowed and judgment of confirmation rendered, from which judgment said Iola, by her next friend, Sabiston, appealed to the Court in term, and at February Term, 1892, of said Court, his Honor Judge Brown made the following order: "It is ordered and adjudged by the Court that the order of W. M. Watson, C. S. C., made February 10, 1892, be and the same is hereby set aside and a resale ordered of the said interest of Iola Dickinson, minor, in the lands described in the petition filed in this proceeding."

From this order J. N. and W. R. Bell appealed.

*Messrs O. H. Guion* and *W. D. McIver,* for plaintiff.
*Mr. W. W. Clark,* for defendant.

*In re* DICKERSON.

MacRae, J.—after stating the case: It is contended by the counsel for the appellant that the order of sale made by the Clerk and approved by the Judge December 23, 1882, was a final decree, and that there was no need for a confirmation of the sale, it being admitted upon the argument, though it does not so appear in the case or in the record, that the interest of the petitioner brought $130 at the sale, this sum being more than the sum named in the petition as a fair price, and in the order as the lowest bid which should be received.

If this contention were correct—if by a proper construction of the order of sale directing a deed to be made " to the purchaser for said land, upon the payment of the purchase-money by said purchaser," we were required to hold that the price was fixed at any sum not less than $125, and the sale confirmed in advance at such price, we could do no otherwise than hold the decree to be final and the parties bound. But impressed as we are by the extreme looseness of the whole proceeding, it is a relief to us to be able, upon examination of the order and of its approval, to hold it evident that the Judge who approved it intended that there should be a public sale and that no bid should be entertained for a less sum than $125, and that it should take the regular course in such proceeding that it might be ascertained whether the land sold for a fair price, before the judgment should be made confirming the sale.   We may with profit reproduce as applicable to the present case, the remarks of the venerable Chief Justice RUFFIN in *Harrison* v. *Bradley*, 5 Ired. Eq., 136 : " The Court cannot forbear expressing a decided disapprobation of the loose and mischievous practice adopted in this case of decreeing the sale of an infant's land upon *ex parte* affidavits offered to the Court, without any reference to ascertain the necessity and propriety of the sale and the value of the property, so as to compare the price with it. The Court ought not act on mere opinions of the guardian or witnesses, but the material facts ought to be ascertained

111—8

and put upon the record, either by the report of the master or the finding of an issue; and after a sale it ought to appear in like manner to be for the benefit of the infant to confirm it, otherwise there is great danger of imposition on the Court and much injury to infants."

As was said by Justice MERRIMON, delivering the opinion in *Morris* v. *Gentry*, 89 N. C., 248, "It is the duty of Courts to have special regard for infants, their rights and interest when they come within their cognizance." And in the exercise of this duty, nothing but clear internal evidence of a confirmation of this sale should induce us so to construe the order.

The sale then not having been confirmed, the commissioner's deed has not yet divested the title out of the petitioner; the proceeding is still pending, the petitioner is still an infant, and she has a right to be heard upon the report of sale and the motion for confirmation, and to move to set aside the sale for inadequacy of the sum bid for the land. *Foushee* v. *Durham*, 84 N. C., 56.

While a formal direction to make title is not always necessary, a confirmation of the sale cannot be dispensed with. *Mebane* v. *Mebane*, 80 N. C., 34; *Latta* v. *Vickers*, 82 N. C., 501; *Brown* v. *Coble*, 76 N. C., 391; *England* v. *Garner*, 90 N. C., 197.

We concur in the view of his Honor upon his finding of fact that said sale had not been made for a fair price, that a resale should be ordered, provided it shall be made to appear as required in § 1602 of *The Code*, "that the interest of the ward would be materially promoted by a sale of her interest in said land, and that report of sale be made to the Court." *Dula* v. *Seagle*, 98 N. C., 458. As it was admitted that the purchaser, S. S. Willis, paid the purchase-money and took a deed for said land from the guardian, and that said Willis conveyed the land for value to R. W. Bell, who is now dead and whose interest in said land is now vested in

W. R. and J. N. Bell, the appellants, it will be proper that an account be taken of the amount paid to the guardian by said Willis, and of the rents and profits of said land since said attempted sale and the possession of said Willis and those claiming under him, and that the balance of the sum so paid, after deducting the sum ascertained to be due for rents and profits, be a charge upon the fund arising from the sale now ordered in favor of the appellants.

Modified and Affirmed.