## JOYNER v. FUTRELL.

(Filed October 25, 1904).

1. LIMITATIONS OF ACTIONS—*Remainders—Estates—Adverse Possession.*

> The statute of limitations does not run against a remainderman until the death of the life tenant.

2. JUDICIAL SALES—*Sales—Executors and Administrators.*

> A confirmation of a sale of the estate of a decedent is a condition precedent to the exercise by an executor of the right to convey title.

ACTION by M. F. Joyner against C. Futrell, heard by *Judge W. B. Council* and a jury, at January Term, 1904, of the Superior Court of NORTHAMPTON County. From a judgment for the plaintiff the defendant appealed.

*Peebles & Harris* and *Gay & Midyette,* for the plaintiff.
*Winborne & Lawrence* and *W. E. Daniel,* for the defendant.

WALKER, J. This is an action to recover real property. Both parties claim, either mediately or immediately, under the will of James McDaniel, the land in controversy known as the "eastern portion of the Marsh Tract" devised in the first item of the will to A. J. Harrell, trustee for Rebecca Blythe, during her life and at her death it was devised to James Bryant, and the other portion of the tract was devised in the second item to M. F. Joyner, the plaintiff. In the third item it is provided that if Bryant or M. F. Joyner, the plaintiff, should die without heirs of his body, the survivor should have the share of the one so dying. Bryant died without heirs of his body and Rebecca Blythe died

afterwards and about four years before this action commenced. The defendant claims the land by virtue of a sale made under an order of the Court in a proceeding brought in the late County Court by A. J. Harrell, executor of James McDaniel, against the devisees and heirs at law for the sale of the land for assets, and mesne conveyances connecting him with the title of the purchaser at that sale, and he contends that the said proceeding and sale divested the plaintiff of the title he acquired under the will, which was passed to the purchaser at the sale and which has been vested in the defendant by the mesne conveyances. So that the plaintiff is entitled to recover the possession of the land in this case unless that proceeding and the sale were valid and must have the effect of defeating his title and consequently his right of possession.

The evidence in regard to the proceeding to sell the land for assets is very meager. It consists of (1) an order of sale by which license is given to the executor to sell the real estate of his testator to pay the debts of the estate; (2) a report showing that he had sold the land to James Bolton for $125 and taken bond and security for the purchase-money, as required to do by the order of the Court; (3) an entry on the docket of the Court as follows: "Northampton County. September Court, A. D. 1867. The foregoing report of the account of sale of the land belonging to the estate of James McDaniel, deceased, is returned in open Court on oath by A. J. Harrell, executor, and is ordered to be certified and recorded"; (4) a deed from the executor to Godwin M. Powell for the land, in which it is recited that it was sold under an order of the Court and that Powell became the purchaser. There is no affirmative proof that the plaintiff was made a party to the proceeding by the service of process, nor is there any evidence that the sale was ever confirmed by the Court. It also appeared from the documentary

evidence that the executor of McDaniel had filed his petition at December Term, 1867, of the County Court in a proceeding against McDaniel's heirs and devisees for a final settlement of his executorship, and his final account showed that he had received as executor a certain gross sum, but it did not appear (unless by inference) that the purchase-money of the land was a part of that sum. In that proceeding the executor's final account was approved and confirmed.

It was admitted that the defendant and those under whom he claims have been in the adverse possession of the land since 1867 claiming the same by virtue of the said sale and deed of the executor. The adverse possession of the defendants under color cannot avail them for the purpose of ripening their title. It is an elementary principle that the statute of limitation does not run against any person until his right of action has accrued, and in this case it did not accrue to the plaintiffs, as against the defendants, until the death of the life tenant, Rebecca Blythe, which occurred on May 15, 1900. So long as she lived they had no right of possession upon which to base a suit for the recovery of the land. *Everett v. Newton*, 118 N. C., 919; *Woodlief v. Wester*, at this term, 136 N. C., 162.

The only other question which we need consider, that is, as to the validity of the deed of the executor and its sufficiency to pass the title, without any confirmation of the sale by the Court, is equally well settled. This Court, and all courts, we believe, having jurisdiction to pass upon judicial proceedings for the sale of land have uniformly held that it is necessary that the sale be reported to the Court, and that it be confirmed before the commissioner or other person appointed by the Court to make the sale can have any power to make title to the purchaser. The commissioner is invested with a naked power which must be exercised under the supervision and control of the Court, and he has no

authority to act save that which he derives from the Court
under its order or judgment. The bidder at a judicial sale,
on the other hand, acquires no right before the sale is re-
ported by the officer and the sale is confirmed by the accept-
ance of his bid. Until then the bargain with him is not com-
plete and he acquires no title of any kind to the land. He
is regarded as a mere preferred proposer until he has been
accepted by the Court as the purchaser, and every bidder
is presumed to know, because he should know, that his bid
is made subject to the condition of its acceptance or rejec-
tion by the Court. A formal direction to make title is not
always necessary to confer upon the commissioner the power
to convey the land to the purchaser by deed, but a confirma-
tion of the sale cannot be dispensed with in any case, unless
perhaps in some way it has been waived. It is a condition
precedent to the exercise of the right to convey the title.
This principle has been settled by numerous authorities.
*Bost, ex parte,* 56 N. C., 482; *Brown v. Coble,* 76 N. C.,
391; *Mebane v. Mebane,* 80 N. C., 34; *Latta v. Vickers,*
82 N. C., 501; *Foushee v. Durham,* 84 N. C., 56; *Miller
v. Feezor,* 82 N. C., 192; *Attorney-General v. Navigation
Co.,* 86 N. C., 408; *Dickerson, ex parte,* 111 N. C., 108;
*Vanderbilt v. Brown,* 128 N. C., 498; *Mason v. Osgood,* 64
N. C., 467; Rorer Jud. Sales, sec. 122.

In this respect a judicial sale differs from one made by
an individual or a sheriff under an execution in his hands.
When confirmation of a judicial sale takes place the pur-
chaser acquires an equity to call for the title upon payment
of the purchase-money (*Farmer v. Daniel,* 82 N. C., 152),
and when the transaction is completed by confirmation and
conveyance of the title, it all relates back to the day of sale,
and the purchaser is invested with the title as of that time.
Rorer, *supra,* 122; *Vass v. Arrington,* 89 N. C., 10. As the
sale under which the executor made the deed had not been

confirmed by the Court, so far as appears in this case, the act of the executor in attempting to pass the title was without any authority and void. It follows, therefore, that the defendant has acquired no title or right to the possession of the land under the executor's deed, and, as that is his only source of title, he cannot successfully resist the recovery of the plaintiff in this case. We have found nothing in the record in the nature of a recital, nor any facts·from which we can draw any inference or presumption that will change this result. The long possession of the defendant, and those under whom he claims, does not furnish any reason for presuming anything in favor of the regularity of the proceeding and the validity of his deed, as the plaintiff was never put to his action or required to assert his right to the possession of the land until a few years ago. But while the defendant must lose in this suit we think he may yet apply to the Court in the other proceeding, which is still pending, and obtain relief, provided that, upon the facts as they may be made to appear to the Court, he is entitled to it. If he desires to pursue that course he may, as ancillary to his remedy, move the Court for a stay of the writ of possession in this case until that matter can be heard and determined. We are not intimating an opinion upon the merits of such an application in any of its stages, but what has been said is intended to show that the defendant's remedy is not in this action but in the proceeding for the sale of the land. *Lord v. Beard,* 79 N. C., 5; *Lord v. Meroney,* 79 N. C., 15.

With every disposition to sustain proceedings in the County Courts and courts of equity, where the practice and procedure seldom conformed strictly to the law because of the loose methods obtaining in them, we are unable to dis-

cover any ground on which we can uphold the proceeding upon which the defendant relies in this case.

The ruling and judgment of the Court below were correct upon the facts as they appeared at the trial.

No Error.