HARRELL v. BLYTHE.

(Filed February 27, 1906).

*Judicial Sales—Confirmation—Inadequate Price—Power of the Court.*

1. Where the judge found, upon abundant evidence, that the sum bid at a sale of land for assets by an executor, was inadequate, there was no error in refusing to confirm the sale.

2. Judicial sales are only conditional and are not complete until they have been reported to and confirmed by the court; and the bid may be rejected and the sale set aside, if, in the exercise of its sound discretion, the court should think proper to do so.

MOTION in the cause of A. J. Harrell, Executor of Jas. McDaniel, against George Blythe and others, heard by *Judge R. B. Peebles,* at the August Term, 1905, of the Superior Court of NORTHAMPTON.

This proceeding was brought in the late county court by A. J. Harrell, as executor of James McDaniel, for a sale of his land for assets. Harrell has since died and J. A. Worrell, who has qualified as administrator *de bonis non* with the will annexed of James McDaniel, has been substituted as plaintiff in his stead, and other interested persons have been made parties by the service of process. The county court ordered a sale of the land; the plaintiff Harrell sold the same and made a report of the sale to the court. James Bolton, who was the purchaser of the land at the sale, assigned his bid to Godwin M. Powell; and Cornelius Futrell, who claims an interest in the land under him by *mesne* conveyances, moved before the clerk of the court to confirm the sale. The clerk refused to grant the motion and he appealed to the Superior Court. Judge Peebles found as a fact that the land was sold for $125, which was less than one-third of its value, as it was worth at the time of the sale at least $450. He

found other facts which it is not necessary to state in the view we take of the case. Upon his findings of fact, he affirmed the judgment of the clerk and refused to confirm the sale, whereupon Cornelius Futrell excepted and appealed.

*Winborne & Lawrence* and *Mason & Worrell* for the plaintiff.

*Gay & Midyette* and *Peebles & Harris* for the defendant.

WALKER, J., after stating the case: If we concede that this court has the jurisdiction to review the judge's findings of fact, which are alleged to be against the weight of the evidence, we would not disturb them, as we think there was abundant evidence in the case to sustain the court's conclusion as to the inadequacy of the sum bid for the land. The only question, therefore, which we will consider, is whether, upon the fact thus found, the court ruled correctly in refusing to confirm the sale.

Where land is sold under a decree of court, the purchaser acquires no independent right. He is regarded as a mere preferred proposer until confirmation, which is the judicial sanction or the acceptance of the court, and until it is obtained, the bargain is not complete. *Miller v. Feezor,* 82 N. C., 192; *Attorney-General v. Navigation Co.,* 86 N. C., 408; *Pritchard v. Askew,* 80 N. C., 86; *Ex Parte Bost,* 56 N. C., 482; *In re Yates,* 59 N. C., 306. It was said by this court in *Wood v. Parker,* 63 N. C., 379, following substantially what had been decided in *Ex Parte Bost, supra,* that a court certainly has the power to set aside a sale made in pursuance of its authority, either for the relief of the owner of the property, if the price is inadequate, or for the relief of the purchaser, if from mistake or fraud he has been induced to bid too much for the same. In the exercise of its large discretion, it will administer justice and equity to all persons interested. Sales of this character are only conditional and are not complete until

they have been reported to, and confirmed by the court. The bidder cannot complain of this rule, for he makes his offer to buy with the understanding that the whole matter is entirely under the control of the court and that his bid may be rejected and the sale set aside if, in the exercise of its sound discretion, the court should think proper to do so. In a case of a sale under order of court by an administrator, this court said in *Mason v. Osgood,* 64 N. C., 467, that an administrator's authority is limited where he sells the land of the intestate under a license obtained from the court. He is a mere agent of the court to execute a naked power, and a purchaser acquires no right to the land until the sale is confirmed and title made under an order of the court granting the power of sale. The subject is fully discussed in *Joyner v. Futrell,* 136 N. C., 301. Rorer, in his work on Judicial Sales, sections 122 and 124, says that while the court will have a proper regard to the interest of the parties and the stability of judicial sales, it has a broad discretion in the approval or disapproval of a sale made under its decree; and, in section 126, he further says that the court is clothed with an unlimited discretion to confirm a sale or not, as may seem wise and just. Confirmation is consent, and, the court being the vendor, it may consent or not in its discretion. Whether there be a limit to this discretion or not, it is not necessary for us now to determine, as it is apparent from the authorities cited that the court had the power and the right to refuse to confirm in this case. *In Pritchard v. Askew, supra,* this court, by *Dillard, J.,* said: "In sales of the character of the one under consideration, the bidder is never considered a purchaser until the sale is reported and confirmed. He is to be taken as becoming the best bidder, subject to the understanding in all cases that the court may confirm the sale or set it aside and order a re-sale, as in the exercise of a sound discretion it may determine to be right and proper." In *Ex Parte Bost, supra,* it was held that if the court is informed by a master's report

140——27

or by affidavits that the sum bid for land is not its full value, it will be its duty to set aside the report and order a re-sale. *Vass v. Arrington,* 89 N. C., 10. So that the judge not only had the power, as we have already shown, but it also seems that it was in a certain sense his duty to act as he did. We do not see how he could have decided otherwise under the circumstances.

The finding of fact as to the inadequacy of the price being sufficient of itself to support the ruling of the court, it is not necessary to inquire whether the other facts found by the judge were either singly or collectively sufficient for that purpose or whether he committed any error in respect to them.

The motion in this cause was made because the court suggested in *Joyner v. Futrell, supra,* that it was the proper, if not the only remedy. But upon an investigation of the facts in this proceeding, the merits are found to be against the petitioner, Cornelius Futrell, and he must therefore fail to secure any relief. There was no error in the decision of the court below.

No Error.