JAMES D. PARKER, COMMISSIONER, MARTI BASS, ADMINISTRATRIX OF
W. H. BASS, DECEASED, v. L. J. R. DICKINSON.

(Filed 31 October, 1928.)

**1. Partition—Actions for Partition—Operation of Decree of Confirmation.**

While a tenant in common does not acquire title to lands in a proceeding for actual partition until confirmation of the partition by the court, the subsequent confirmation by the court relates back to the time of the partition, and the title vests in the tenant in common as of that time, and when the tenant in common dies between the time of the partition and the confirmation by the court, his administratrix by proper proceedings may sell the lands to make assets to pay his debts.

**2. Executors and Administrators—Sales and Conveyances Under Order of Court—Application and Order.**

In proceedings to sell lands of decedent to make assets to pay debts, the question of the necessity to sell all of decedent's land becomes immaterial and academic as affecting the title of the purchaser at the sale when all the parties in interest have joined in the request that all of the lands be sold.

CIVIL ACTION, before *Daniels, J.* From JOHNSTON.

W. H. Bass died 6 June, 1926, leaving a last will and testament. Marti Bass, widow of the deceased, duly qualified as administratrix of his estate and duly instituted a special proceeding to sell land owned by the decedent for the purpose of making assets to pay the indebtedness of the estate. The record discloses that in the special proceeding all persons having an interest in the estate were made parties and answers were filed by parties in interest denying the amount of indebtedness alleged in the petition, but admitting that certain indebtedness was due, and that the personal property of the decedent had been properly applied. The parties further joined in the prayer for a sale of the property. A part of the land embraced in the petition for sale for assets was derived by the decedent, W. H. Bass, from the division of the land of his brother, Gray Bass. Partition proceedings for such division were duly conducted and the commissioners made their report on 2 June, 1926. The decree of confirmation of such partition was duly made more than twenty days after the filing of said report. In the meantime W. H.

Bass died, that is to say W. H. Bass died after the report of the commissioners had been submitted and before the confirmation thereof.

The contention was made that the Gray Bass division could not be included as a part of the property owned by W. H. Bass at the time of his death for the reason that no confirmation of the report of the commissioners had been made until after the death of said W. H. Bass. In the proceeding by Marti Bass, administratrix of W. H. Bass, the land of W. H. Bass, including the portion which his estate received from the estate of his brother, Gray Bass, was duly sold and purchased by the defendant. The plaintiff, as commissioner in said proceeding, tendered deed to the defendant, who declined to accept it, and this action was thereupon instituted.

The defendant contends that title to that part of the land of W. H. Bass, allotted to W. H. Bass in the partition of the Gray Bass lands, is defective for the reason that no decree of confirmation was made until after the death of W. H. Bass.

A controversy upon an agreed statement of facts was submitted to Daniels, J., who ruled that the deed tendered by plaintiff to defendant conveyed "a good and indefeasible fee-simple title to the lands described in said deed."

*Parker & Martin for plaintiff.*
*Dickinson & Freeman for defendant.*

BROGDEN, J. Does confirmation of a sale or of an actual partition take effect upon the date of confirmation or at the date of the sale?

Until a judicial sale has been confirmed the purchaser is a mere preferred proposer. Confirmation is an act of consent and approval which the court gives to the sale, and, for all practical purposes the court is the vendor in such cases, and within the limitations prescribed by law, may give or withhold its consent in its discretion. *Harrell v. Blythe,* 140 N. C., 415, 53 S. E., 232. However, when the transaction is completed by confirmation, and thereupon title is conveyed to the purchaser, confirmation relates back to the day of the sale and the purchaser receives his title as of that time. *Farmer v. Daniel,* 82 N. C., 152; *McArtan v. McLaughlin,* 88 N. C., 391; *Vass v. Arrington,* 89 N. C., 10; *Joyner v. Futrell,* 136 N. C., 301, 48 S. E., 649.

Incidentally, it was contended that a sale of all the tracts of land described in the petition was not necessary to pay debts. In proper cases this contention would perhaps be worthy of serious consideration, but in the case at bar all the parties requested that all the land described in the petition be sold. Hence a discussion of the question would be wholly academic.

Affirmed.