AMERICAN AGRICULTURAL CHEMICAL COMPANY v. W. A. BROCK.

(Filed 19 February, 1930.)

**Taxation D a—Where assessment of property for taxes has not been made at time of foreclosure, proceeds from sale are not liable therefor.**

Construing C. S., 2815, providing that the lien for taxes attaches to realty annually on the first of May, with C. S., 7980, requiring the one selling lands under foreclosure sale of a mortgage or deed of trust to pay all taxes then assessed against the property out of the proceeds, it is *held:* where the taxes have not been assessed nor the tax rate ascertained under the provisions of the County Fiscal Control Act until after the foreclosure sale has been made, the proceeds or surplus from the foreclosure sale are not subject to the payment of the taxes, and the lien of a judgment creditor of the mortgagor is payable out of the surplus from the sale without deducting the amount of the taxes, and the taxes later assessed attach to the land in the hands of the purchaser at the foreclosure sale, although they attach to the land as of the first of May.

APPEAL by defendant from *Sinclair, J.,* at November Term, 1929, of PASQUOTANK. Affirmed.

Special proceeding instituted under C. S., 2593, to determine the question of the plaintiff's right to a fund paid into the office of the clerk as the surplus remaining after payment of the amount due on a deed of trust executed by W. H. Jennette and L. B. Jennette and their wives to the Southern Trust Company to secure an indebtedness of $12,000. The plaintiff claims that it is entitled to the fund in question by virtue of a judgment recovered against the makers of the deed of trust and docketed after its registration. A jury trial was waived and by consent of parties the trial judge found the following to be the facts: There is now in the hands of the clerk of the Superior Court of Pasquotank County the sum of $1,456.91, representing the surplus formerly held by the trustee from the sale of the warehouse under the deed of trust described in the petition herein, which deed of trust was recorded in said county on 2 July, 1923. After several raises in the bid under foreclosure proceedings, a final resale was held, and said property was struck off and sold to defendant and three other parties, as set out in the answer herein, on 19 May, 1928. An order of confirmation of said sale was entered by the clerk of the Superior Court of said county on 2 June, 1928, and the trustee was therein directed to make title for said property to the purchasers. A deed dated 9 June, 1928, acknowledged 2 July, 1928, was delivered to the defendant by the trustee on 3 July, 1928, the defendant having become the assignee of the bid of the other three purchasers on 19 June, 1928. The county commissioners of Pasquotank County at a special meeting held on 28 July, 1928, determined

the tax rate for Pasquotank County for the tax year 1928-29, and levied upon all the taxable property of Pasquotank County. The board of aldermen of Elizabeth City, it being the proper agency so to do, on 23 July, 1929, determined the tax rate for Elizabeth City for the tax year 1928-29, and levied upon all taxable property within said town.

At the time of the sale referred to above, confirmation thereof, and delivery of the deed to defendant, no tax rate had been determined by the said county or city authorities for said year, 1928. On 3 October, 1927, a judgment was duly rendered in the Superior Court of Pasquotank County in favor of the plaintiff herein and against the said W. H. and L. B. Jennette for the sum of $1,499.46 and costs, said judgment being properly cross-indexed and docketed on the same day as rendered, in the office of the clerk of the Superior Court of said county. Said judgment has not been either wholly or partially paid or satisfied, and is now, and was at the times hereinbefore mentioned, a validly existing lien on all of the real estate of the said W. H. and L. B. Jennette, the lien of said judgment being immediately subsequent to the lien of said deed of trust, except in so far as the lien for city and county taxes for the tax years 1927-28, 1928-29, and certain paving assessments hereinafter referred to, intervene. The amount of said county and city taxes due on said property for the year 1928-29 is $522.43. Neither of said judgment debtors has ever had a homestead allotted to him, and both are, and were at all times referred to herein, residents of North Carolina. Neither of said judgment debtors claims any interest in said fund, but neither of said judgment debtors has ever conveyed or assigned any interest he might have in said funds.

It was agreed by the parties that the city and county taxes for 1927 ($617.22) and the paving assessments ($93.16) should be paid out of the fund in the hands of the clerk. It was thereupon adjudged that at the time of the sale and confirmation, and of delivery of the deed to defendant, no taxes for the city or county had been assessed for the tax year 1928-29; that no levy of said tax had been made by the authorities of the city or county; that the plaintiff's petition ought to be allowed; that the taxes for 1928, are not a proper charge against the fund in the hands of the clerk; and that this fund be applied as a payment on the plaintiff's judgment. The defendant excepted and appealed.

*McMullan & LeRoy for plaintiff.*
*Ehringhaus & Hall for defendant.*

ADAMS, J. The deed of trust was executed on 1 July, 1923, and was duly registered the next day. The plaintiff's judgment was recovered and docketed on 3 October, 1927. The property described in the deed

of trust was first exposed to sale in February, 1928, but was finally sold on 19 May, 1928. On 2 June, 1928, the clerk issued an order requiring the trustee to make title to the purchaser; the trustee executed his deed on 9 June, 1928, acknowledged it on 2 July, 1928, and delivered it to the defendant on 3 July, 1928. After paying the amount due on the deed of trust the trustee held a surplus, the application of which was disputed, and being in doubt as to the parties entitled to it, he brought this proceeding under C. S., 2592 *et seq.,* for the purpose of having the proper party finally determined. The clerk made an order that the surplus be paid on the plaintiff's claim and on appeal to the Superior Court his judgment was affirmed.

It is provided in C. S., 7987, that the lien of State, county and municipal taxes shall annually attach to all real estate of the taxpayer on the first day of June, but it is likewise provided in C. S., 2815, and in Public Laws 1927, ch. 80, sec. 440, that the lien shall attach annually on the first day of May; and it was held in *Shaffner v. Lipinsky,* 194 N. C., 1, that the lien of assessed taxes attaches to real estate as of this date.

In C. S., 7980, provision is made for adjusting the rights of contesting parties: "In all civil actions and special proceedings wherein the sale of any real estate shall be ordered, the judgment shall provide for the payment of all taxes then assessed upon the property and remaining unpaid. . . . And whenever any real estate shall be sold by any person under any power of sale conferred upon him by any deed, will, power of attorney, mortgage, deed of trust, or assignment for the benefit of creditors, the person making such sale must pay out of the proceeds of such sale all taxes then assessed upon such real estate," etc.

The defendant contends that the lien of the State, county, and municipal taxes levied for the calendar year 1928-29 attached to all real estate described in the deed of trust on the first day of May, 1928; that this is the first lien on the land; and that it should be satisfied out of the fund arising from the sale of the property in preference to the lien created by the docketed judgment. The plaintiff contends that the board of county commissioners did not levy any tax until 28 July, 1928 (C. S., 7971(40), that no tax had been assessed against the real property at that time, and that C. S., 7980, provides for the payment of such taxes only as are assessed upon the property and remain unpaid at the date of the sale. These diverse contentions present the question in controversy.

The County Fiscal Control Act went into effect on 7 March, 1927. P. L., 1927, ch. 146. It requires the board of county commissioners to appoint an accountant who shall prepare an estimate of the amounts

necessary to be appropriated to different objects of the county and its subdivisions for the next ensuing fiscal year. After the accountant submits his budget estimate the board, not later than the fourth Monday in July in each year, must adopt and record on its minutes an appropriation resolution by which appropriations shall be made for the several purposes of the county, and not later than Wednesday after the third Monday in August in each year and after the ascertainment of the assessed valuation of property for taxation the board must levy such rate of tax as shall be necessary upon all the taxable property of the county, in the case of county appropriations, and upon all the taxable property in each subdivision, in the case of appropriations for subdivisions. Secs. 10, 11, 12. Under these provisions the board of aldermen determined the tax rate and levied upon the taxable property in the city on 23 July, 1928, and on 28 July, 1928, the board of county commissioners made a like assessment upon property within the county.

If the uncomputed and unassessed tax was a lien upon the land at the time of the trustee's sale the tax lien was superior to the lien created by the deed of trust or the plaintiff's judgment. And as the purchaser's title relates back to the date of the deed of trust the land may yet be subject to a sale under the tax lien unless the defendant's contention that it should be paid out of the fund is correct in contemplation of law, especially in view of the holding that the object of C. S., 7980, is to pass a clear title to the purchaser. *Wooten v. Sugg,* 114 N. C., 295; *Exum v. Baker,* 115 N. C., 242; *Smith v. Miller,* 158 N. C., 99, 103.

Was the uncomputed and unassessed tax a lien on the surplus fund when the clerk ordered the trustee to execute a deed to the purchaser? We think not. The statute contemplates the payment, out of the proceeds of the sale, of such taxes as are assessed when the sale is made. C. S., 7980. To assess a tax is to fix the proportion which each person among those who are liable to it has to pay; to fix or settle a sum to be paid by way of a tax; to charge with a tax. Black's Law Dictionary; Bouvier's Law Dictionary. An assessment or levy of a tax is essential to its certainty. The judgment sets out the fact that no tax had been levied or assessed when the trustee executed his deed. It was impossible for the trustee to pay a tax which had never been levied, and the parties claimed a right to an immediate distribution of the fund. The defendant's contention involves, not only uncertainty as to the amount of tax to be levied, but indefinite delay in settlement by the trustee. For the purpose of attaching to and following the land the lien of the tax when assessed and levied relates back to the first day of May; but the proceeds of a sale made under section 7980 may be applied to such taxes only as are assessed when the sale is made. We are not inadvertent to

the difficulties arising from statutes which are not easily to be reconciled, but we are of opinion that our disposition of the question conforms to the spirit of the law. The judgment debtors claim no interest in the fund and are not proper parties. The interests are those only of the plaintiff and the defendant. The judgment is

Affirmed.