IRA VANCE AND S. C. VANCE, ADMINISTRATORS OF T. B. VANCE, v. ERNEST VANCE AND OTHERS, HEIRS AT LAW OF T. B. VANCE, DECEASED.

(Filed 14 December, 1932.)

**Executors and Administrators F d—Within twenty days from sale of land to make assets clerk may order resale under statutory provisions.**

Where in a special proceeding before the clerk the intestate's lands have been sold to make assets, the statute requires the clerk to order a resale if an increased bid according to the provisions of the statute is made within ten days, and after the expiration of the ten days and before the expiration of the twenty days which must elapse before confirmation, the question of resale is one within the clerk's discretion, C. S., 763, 2591, and the last and highest bidder at the sale being merely a proposed purchaser prior to confirmation, is not a party and has no right to object to the clerk's discretionary order of resale.

APPEAL by plaintiffs from *Moore, J.,* at April Term, 1932, of AVERY. Reversed.

This is a special proceeding for the sale of land for assets, begun and pending before the clerk of the Superior Court of Avery County.

On 21 December, 1931, the commissioner appointed by the court in an order theretofore made in the proceeding, filed his report of a sale made by him pursuant to an order for the resale of the lands described in the petition, at which E. C. Guy was the last and highest bidder in the sum of $5,000.

On 1 January, 1932, an order was made in the proceeding in words as follows:

"Whereas Faucette Company, Incorporated, has filed a five per cent bid on the purchase money, paid for the above described land, and has paid the same to me,

Now, therefore, it is ordered, considered and adjudged that J. W. Ragland, commissioner, advertise said land for resale fifteen days in some newspaper published in Avery County, as provided by law.

This 1 January, 1932.     EUGENE ELLER, *clerk Superior Court.*"

E. C. Guy, the last and highest bidder at the sale reported by the commissioner, objected to said order, and upon his objection being overruled, appealed therefrom to the judge of the Superior Court.

Thereafter, at April Term, 1932, judgment was entered in the proceeding, in words as follows:

"The above entitled action coming on for hearing at the present term upon appeal from an order of the clerk made herein, refusing to confirm the sale of the lands involved made by the commissioner appointed herein, and directing a resale of said land by said commissioner; and it appearing to the court, and the court finding as a fact that the sale of said land was duly made and reported; that no raised bid was made and filed within the time provided by law, to wit: Said raised bid was not made ten days after said sale:

It is, therefore, on motion of W. C. Berry, attorney, considered, ordered and adjudged by the court that the order of the clerk, refusing to confirm said sale and ordering a resale of said lands, be and the same is hereby overruled; and the commissioner is hereby ordered and directed to make, execute and deliver a deed for said land to the purchaser upon his compliance with the terms of his bid.

WALTER E. MOORE, *Judge Presiding.*"

From the foregoing judgment the plaintiffs appealed to the Supreme Court.

*Charles Hughes for plaintiffs.*
*W. C. Berry for E. C. Guy.*

CONNOR, J. In *Parker v. Dickinson,* 196 N. C., 242, 145 S. E., 231, it is said: "Until a judicial sale has been confirmed, the purchaser is a mere preferred proposer. Confirmation is an act of consent and approval which the court gives to the sale, and for all practical purposes, the court is the vendor in such cases, and within the limitations prescribed by law, may give or withhold its consent in its discretion. *Harrell v. Blythe,* 140 N. C., 415, 53 S. E., 232."

In the instant case, the clerk had no power to confirm the sale reported by the commissioner until the expiration of twenty days from the date on which the report was filed. C. S., 763. If within ten days from the date of the sale, the bid had been increased five per cent, and this amount paid to the clerk, it would have been the duty of the clerk to order a resale. The clerk would have had no discretion, in that case, as to whether he should make the order. C. S., 2591. But notwithstanding ten days had elapsed from the date of the sale, at the time the increased bid was made, the clerk had the power, in his discretion, to

order a resale, without waiting for the expiration of twenty days within which parties to the proceeding might file exceptions to the sale. During this time E. C. Guy, the purchaser at the sale was not a party to the proceeding, and therefore had no right to appear and object to the order of resale. He had no right to appear and move in the proceeding until the expiration of twenty days. *Upchurch v. Upchurch,* 173 N. C., 88, 91 S. E., 702. His appeal from the order of the clerk should have been dismissed.

There is error in the judgment reversing the order of the clerk, and directing the commissioner to execute a deed to the purchaser at the sale reported by the commissioner on 21 December, 1931. The judgment is

Reversed.