This is an action to recover judgment on a note for $15,000, which was executed by the defendant and payable to the plaintiff, Daisy V. Koonce, and for the foreclosure of a mortgage by which the defendant conveyed to the said plaintiff the land described therein to secure the payment of said note at its maturity.
The action was begun in the Superior Court of Carteret County. At December Term, 1931, of said court, judgment was rendered that the plaintiff Daisy V. Koonce, recover of the defendant the sum of $15,000, with interest from 1 January, 1930, and the costs of the action. It was further ordered and decreed in said judgment that if the same was not paid within thirty days from the date of its rendition, the commissioners appointed by the court for that purpose, after due advertisement as required by law, should sell the land described in the mortgage at the courthouse door in Carteret County, to the highest bidder for cash, and report said sale to the court for confirmation.
Pursuant to the order and decree contained in said judgment, the commissioners named therein, filed their report in the Superior Court of Carteret County, showing that they had offered the land described in the mortgage for sale at the courthouse door in Carteret County, on 2 *Page 427 
May, 1932, when and where the plaintiff, Daisy V. Koonce, was the last and highest bidder in the sum of $2,010. The commissioners reported that the said sum of $2,010, was, in their opinion, a full, fair and adequate price for said land at the date of said sale, and recommended that said sale be confirmed by the court.
After the said report had been filed, and before the said sale had been confirmed, a resale of the land was ordered by the clerk of the Superior Court of Carteret County, under the provisions of N.C. Code of 1931, section 2591. This resale was had on 30 May, 1932, when the plaintiff was again the last and highest bidder in the sum of $4,000. The commissioners reported this sale to the court and recommended that the sale be confirmed.
After the said report had been filed, and before the said sale had been confirmed, another resale was ordered by the clerk of the Superior Court of Carteret County, under the provisions of N.C. Code of 1931, section 2591. This resale was had on 27 June, 1932, when F. R. Davis was the last and highest bidder in the sum of $4,500. The commissioners reported this sale to the court, and recommended that the sale be confirmed.
After the said report had been filed, and before the said sale had been confirmed, another resale was ordered by the clerk of the Superior Court of Carteret County, under the provisions of N.C. Code of 1931, section 2591. This sale was had on 25 July, 1932, when F. R. Davis was again the last and highest bidder in the sum of $5,300. The commissioners reported this sale to the court, and recommended that the sale be confirmed.
After the said report had been filed, and before the sale had been confirmed, another resale was ordered by the clerk of the Superior Court of Carteret County, under the provisions of N.C. Code of 1931, section 2591. This sale was had on 22 August, 1932, when F. R. Davis was again the last and highest bidder in the sum of $5,900. The commissioners reported this sale to the court, and recommended that the sale be confirmed.
After the said report had been filed, and before the sale had been confirmed, another resale was ordered by the clerk of the Superior Court of Carteret County, under the provisions of N.C. Code of 1931, section 2591. This sale was had on 19 September, 1932, when F. R. Davis was again the last and highest bidder in the sum of $6,350. The commissioners reported this sale to the court and recommended that the sale be confirmed.
After the said report had been filed and before the sale had been confirmed, another resale was ordered by the clerk of the Superior Court of Carteret County, under the provisions of N.C. Code of 1931, section *Page 428 
2591. This sale was had on 17 October, 1932, when F. R. Davis was again the last and highest bidder in the sum of $6,850. The commissioners reported this sale to the court and recommended that the sale be confirmed.
In their report of this last sale the commissioners called the attention of the court to the number of resales of the land which they had been ordered to sell, each of said resales having been made under an order of the clerk of the Superior Court of Carteret County, made by him under the provisions of N.C. Code of 1931, section 2591, and suggested that the demands for such resales had not been made in good faith, but had been made at the instance of the defendant in order to hinder and delay the plaintiff in collecting her judgment against the defendant.
This report of the commissioners was heard at October Term, 1931, of the Superior Court of Carteret County, when and where an order was entered in the action as follows:
"This cause coming on to be heard, and being heard before his Honor, Clayton Moore, judge, upon the motion of T. D. Warren and R. A. Nunn, commissioners heretofore appointed herein, for authority to require the last and highest bidder at the sale of the lands ordered to be sold by them herein, to deposit as evidence of good faith and to insure compliance with the terms of sale by such bidder, if declared the purchaser of said lands, the sum of 25 per cent of such bid:
"It is considered by the court and ordered that said commissioners be and they are authorized and directed in future sales of said lands to require the last and highest bidder for the same to deposit with the said commissioners at the time of sale an amount equal to 25 per cent of such bid in cash, or 10 per cent of such bid in cash, and a good and sufficient bond in the additional sum of 15 per cent, to insure compliance by such bidder with the terms of sale, if such bidder be declared purchaser of said lands."
After the said report had been filed and before the sale had been confirmed, another resale was ordered by the clerk of the Superior Court of Carteret County. This sale was had on 14 November, 1932, when F. R. Davis was again the last and highest bidder in the sum of $7,400. Pursuant to the order of Judge Moore, the bidder, F. R. Davis, deposited with the commissioners the sum of $1,850, in cash, said sum being 25 per cent of the amount of his bid. The commissioners reported the said sale to the court, and recommended that the sale be confirmed.
After the said report had been filed, and before the sale had been confirmed, another resale was ordered by the clerk of the Superior Court of Carteret County, under the provisions of N.C. Code of 1931, section 2591. This resale was ordered upon the demand of Joseph F. Markley, who at the time of his demand for such resale, deposited with the said *Page 429 
clerk the sum of $415, in cash, as required by the statute. The said Joseph F. Markley did not deposit with the commissioners an amount equal to 25 per cent of his raised bid for the land. Pursuant to the order of the clerk of the Superior Court, the commissioners advertised the land for sale on Monday, 12 December, 1932. Thereafter, F. R. Davis, the last and highest bidder at the sale had on 14 November, 1932, made a demand, in writing, on the commissioners for the return to him of the amount of his deposit with said commissioners, made pursuant to the order of Judge Moore. This demand was refused by the commissioners who thereafter reported to the court the demand of the said F. R. Davis, and their refusal of such demand. The commissioners requested the court to advise them in the premises.
This report was heard by Judge Harris, at the December Term, 1932, of the Superior Court of Carteret County. On the facts appearing in the record, the court was of opinion that the sale had on 14 November, 1932, was vacated by the order of resale made thereafter by the clerk of the Superior Court, and that F. R. Davis was thereby released and discharged of all liability as a bidder at said sale and is entitled to the return of his deposit made pursuant to the order of Judge Moore, at October Term, 1932, of said court.
From the order that the commissioners return to F. R. Davis the sum of $1,850, deposited with them by him as the last and highest bidder at the sale had on 14 November, 1932, the plaintiffs appealed to the Supreme Court.
The only question presented by this appeal for decision by this Court is whether there was error in the order of Judge Harris directing the commissioners to return to F. R. Davis the sum of $1,850, deposited with them by him as the last and highest bidder at the sale made by the commissioners on 14 November, 1932. This sum was deposited by F. R. Davis with the commissioners pursuant to the order of Judge Moore. This was a valid order, made by Judge Moore in the exercise of his judicial discretion. Alexander v. Boyd, ante, 103, 167 S.E. 462, is not applicable to this order. In that case, we held that where land was sold by a trustee under the power of sale contained in a deed of trust, a requirement by the trustee that the last and highest bidder at the sale deposit with him at the time of the sale, as an evidence of his good faith, and of his financial ability to comply with the terms of his bid, a sum equal to 25 per cent of the amount of his bid, was arbitrary and unreasonable. The requirement was not authorized by the *Page 430 
terms upon which the power of sale was conferred upon the trustee, and deprived the mortgagor of the protection provided by N.C. Code of 1931, section 2591. In the instant case, the requirement was made by the judge, after notice to the parties to the action, in the exercise of his judicial discretion, and was valid. There is nothing in the statute which deprives the court of its power to prescribe the terms upon which land or other property shall be sold under its orders, judgments or decrees.
The order of resale made by the clerk of the Superior Court of Carteret County in the instant case, under the provisions of N.C. Code of 1931, section 2591, vacated the sale made by the commissioners on 14 November, 1932. Pringle v. Loan Association, 182 N.C. 316, 108 S.E. 914. F. R. Davis, who was the last and highest bidder at said sale, and who as such complied with the order of Judge Moore, was released from all liability by reason of his bid, by the order of resale. Trust Co. v. Powell,189 N.C. 372, 127 S.E. 242. When the resale was ordered by the clerk, he was entitled to the return of his deposit. There was no error in the order of Judge Harris that the commissioners return to him the amount of his deposit. The order is
Affirmed.