RICHMOND COUNTY v. BOSS SIMMONS ET AL.

(Filed 22 January, 1936.)

Taxation H e: Judicial Sales C a—Bidder at foreclosure sale of tax certificate acquires no rights in land prior to confirmation.

The last and highest bidder at a judicial sale is merely a preferred bidder with no rights in the property in law or equity until his bid has been accepted and confirmed by the court, and where, in a proceeding to foreclose a tax sale certificate, the land has been sold under order but before confirmation of the bid a resale is ordered under the provisions of C. S., 2591, for an advance bid, and pending a resale the taxpayer pays the judgment for the taxes and the county takes a voluntary nonsuit, the last and highest bidder at the sale is not entitled to be made a party to the action and contest the validity of the judgment as of nonsuit, the order of resale being a rejection of his bid and a release of his liability thereunder, and the fact that he had placed the last and highest bid at the sale conferring no rights in the property to him. C. S., 8037.

APPEAL by S. A. Lovan, movant, from McElroy, J., at September Term, 1935, of RICHMOND. Affirmed.

This is an action to foreclose a tax sale certificate issued to the plaintiff by the sheriff of Richmond County. C. S., 8037.

The defendants in whose names the land sold by the sheriff was listed for taxation for the year 1929 were duly served with summons. Neither of the defendants filed a demurrer or answer to the complaint.

On Monday, 5·August, 1934, a judgment by default final was rendered in the action by the clerk of the Superior Court of Richmond County. In this judgment it was ordered and decreed by the court that upon default in the payment of the judgment within ten days from the date of its rendition, the defendants and all persons claiming under them be foreclosed of all rights or equities of redemption, and that the commissioner appointed by the court for that purpose sell the land described in the certificate as provided by law.

At a sale made by the commissioner pursuant to the judgment on 6 September, 1934, S. A. Lovan was the last and highest bidder for said land in the sum of $197.57. This sale was duly reported to the clerk by the commissioner, who recommended that said sale be confirmed. Thereafter, and before confirmation, the commissioner reported to the court that the bid at the sale made by him on 6 September, 1934, had been raised by J. Elsie Webb, who deposited with the court the sum of $20.00 to secure a resale of the land. Thereupon, on 24 September, 1934, a resale of the land was ordered by the clerk of the Superior Court. C. S., 2591. Pursuant to the order of the said clerk, the commissioner advertised the land for sale on 11 October, 1934. On 27

September, 1934, the defendants paid to the plaintiff the full amount of the judgment in this action, and thereupon the plaintiff took a voluntary nonsuit. The action was thereupon dismissed by judgment duly entered by the clerk of the Superior Court of Richmond County.

On 27 October, 1934, S. A. Lovan, the last and highest bidder at the sale made on 6 September, 1934, filed an affidavit with the clerk of the Superior Court of Richmond County, and on the facts stated therein, moved that he be made a party to the action, that the judgment of nonsuit be vacated and set aside, and that the commissioner be ordered and directed by the court, upon the payment by him of the amount of his bid, to make and execute a deed conveying to him the land described in the tax sale certificate.

The motion was denied by the clerk of the Superior Court and on the appeal of the said S. A. Lovan to the judge, the order of the clerk was affirmed. The movant thereupon appealed to the Supreme Court.

*M. C. McLeod for plaintiff.*
*H. S. Boggan for movant.*

CONNOR, J. The bid made by S. A. Lovan at the sale made by the commissioner on 6 September, 1934, although duly reported to the court, was not accepted. It was rejected when the order of resale was made by the clerk of the Superior Court under the provisions of C. S., 2591. In the absence of an acceptance of his bid and a confirmation by the court of the sale at which the bid was made, the bidder at a judicial sale, although the last and highest bidder, has no right in law or equity to be made a party to the action or proceeding in which the order of sale was made. When the resale in the instant case was ordered the bidder at the first sale was released from any and all obligations by reason of his bid. *Koonce v. Fort,* 204 N. C., 426, 168 S. E., 672.

Until the acceptance of his bid and the confirmation of the sale at which the bid was made, the last and highest bidder at a judicial sale is merely a preferred bidder, with no rights in law or in equity by reason of his bid. *Davis v. Central Life Ins. Co.,* 197 N. C., 617, 150 S. E., 120; *Cherry v. Gilliam,* 195 N. C., 233, 141 S. E., 594.

As the movant in the instant case had no rights which he could have enforced in this action, it is immaterial to him whether or not there was error in the judgment of nonsuit. In no event was he entitled to a deed to the land described in the tax sale certificate for the foreclosure of which this action was instituted.

There is no error in the order denying his motion. The order is
Affirmed.