BLADEN COUNTY v. ANNIE J. SQUIRES AND HUSBAND, L. E. SQUIRES,
REX SQUIRES AND WIFE, L. A. SQUIRES, W. S. MURCHISON AND
WIFE, MRS. W. S. MURCHISON, C. E. PHINNEY, TRUSTEE, AND ALL
OTHER PERSONS CLAIMING ANY INTEREST IN THE LANDS HEREINAFTER
DESCRIBED.

(Filed 21 May, 1941.)

**1. Taxation § 40e—**

The last and highest bidder at the foreclosure sale of a tax sale certifi-
cate is but a preferred bidder with no rights in the property in law or
equity until after his bid has been accepted and confirmed by the court,

at least until after the time for upset bids has expired, and a subsequent order of resale within the time permitted for upset bids is a rejection of his bid, and he is not entitled to contest the validity of judgment of confirmation of the bid entered at the second sale.

**2. Same—**

The court has authority to reject the bid made at the foreclosure sale of a tax sale certificate and order a resale, even in the absence of exceptions or an increased bid, Public Laws of 1939, ch. 310, sec. 1719 (r), but in this case the judgment of the court that the order of resale for an increased bid was properly entered is upheld on the findings which are supported by the evidence.

APPEAL by one C. E. Stevens, from *Hamilton, Special Judge,* at November Term, 1940, of BLADEN. Affirmed.

Civil action under C. S., 7990 to foreclose tax lien.

Judgment was entered at August Term, 1940, decreeing foreclosure, appointing a commissioner and directing sale. At the sale conducted by the commissioner, C. E. Stevens became the last and highest bidder in the sum of $1,675.00. Within the time allowed by statute the clerk received an upset bid, accepting a check in the sum of $250.00 endorsed by solvent persons in lieu of cash. He thereupon ordered a resale at which E. B. Clark became the last and highest bidder at $2,100.00.

Upon report of the resale the last bidder at the first sale filed a written petition and protest praying that the resale be adjudged a nullity and for an order confirming the first sale to him. The petition and protest was denied and judgment of confirmation was entered. The petitioner Stevens excepted and appealed.

*J. A. McNorton for petitioner, appellant.*
*Leon D. Smith for plaintiff, appellee.*

PER CURIAM. Stevens occupied the position of a preferred bidder with no rights in the property in law or equity until his bid had been accepted and confirmed by the court, at least until after the time for upset bids had expired. A subsequent order of resale within the time permitted for upset bids is a rejection of the original bid and the bidder is not entitled to contest the validity of the judgment of confirmation. *Vance v. Vance,* 203 N. C., 667, 166 S. E., 901; *Richmond County v. Simmons,* 209 N. C., 250, 183 S. E., 282. The court had authority to reject the bid and to order a resale in the absence of exceptions or an increase bid. Sec. 1719 (r), ch. 310, Public Laws 1939. Even if it be conceded (and it is not) that the appellant has a sufficient interest to entitle him to be heard, the facts found by the court below are supported by evidence and sustain the judgment entered.

Affirmed.