HARRY RICHARD HOLT AND WIFE, MARY J. HOLT, AND VITUS REID HOLT AND WIFE, BLANCHE HOLT, PETITIONERS, v. HARRIET M. MAY AND HATTIE DAVIS MAY, DEFENDANTS.

(Filed 1 February, 1952.)

**1. Judicial Sales § 10—**

Taxes assessed at the time of a judicial sale should be paid out of the proceeds of sale. G.S. 105-408.

**2. Same: Taxation § 32c—**

"Assessed" as used in G.S. 105-408 is synonymous with "levied," and therefore taxes levied at the time of a judicial sale should be paid out of the proceeds of sale.

**3. Judicial Sales § 7—**

Until confirmation, a purchaser at a judicial sale is but a mere preferred bidder, and therefore those taxes which have been levied at the time of confirmation must be paid out of the proceeds of sale under G.S. 105-408, the doctrine of relating back not being applicable since title is not involved.

**4. Waiver § 2—**

Waiver is an intentional relinquishment of a known right.

**5. Same: Judicial Sales § 11—**

Where the purchaser at a judicial sale states at the time he accepts deed that he will continue to insist that taxes then levied should be paid out of the proceeds of sale, his acceptance of deed, even though the commissioners state at that time that they would not pay the taxes, cannot constitute a waiver.

**6. Equity § 3—**

Laches will not bar a party when the adverse party has not been prejudiced by any delay.

APPEAL by original petitioners, Harry Richard Holt and Vitus Reid Holt, and defendants, Harriet M. May and Hattie Davis May, from *Carr, Resident Judge,* at Chambers in Graham, 28 April, 1951, in proceeding pending in Superior Court of ALAMANCE County.

Petition and motion in the cause by purchaser of land sold under order of court in partition proceeding, demanding that the original owners be held liable for city and county *ad valorem* taxes levied and assessed against the land the year of the sale.

These in substance are the salient facts, as found by Judge Carr, to which no exception was taken:

1. Petition was filed 4 May, 1950, in this proceeding for the partition by sale of land located in the City of Burlington, owned by the original petitioners and the defendants as tenants in common. The defendants answered on 26 June, 1950.

2. On 27 June, 1950, an order was entered by the Clerk of the Superior Court ordering a sale at public auction of the land described in the petition and appointing commissioners to make the sale.

3. The land was sold at public auction on 28 July, 1950, with O. H. Westmoreland being the last and highest bidder.

4. The commissioners filed report of sale on 28 July, 1950, and on 10 August, 1950, the Clerk entered an order of confirmation, directing the commissioners to execute and deliver to the purchaser, or his assignee, a good and sufficient deed for the property upon receipt of the purchase price, with direction that the proceeds be paid over to the tenants in common as their interests appeared in the petition. The bid was assigned to Sidney B. Guyes, movant, to whom title deed was made by the commissioners upon payment of the purchase price.

5. The order of sale entered by the Clerk on 27 June, 1950, made no reference to the 1950 County of Alamance or City of Burlington taxes. Nor did the notice of sale published by the commissioners make any reference to such taxes, and no announcement relative thereto was made at the sale on 28 July, 1950. Also, the movant and his attorney were present at the sale on 28 July, 1950, and no inquiry was made by either, or by any other person present, relative to the 1950 city and county taxes.

6. After entry of the order of confirmation and on 24 August, 1950, a meeting for the purpose of delivery of the deed and payment of the purchase price was held. Present were the movant and his attorney and one of the commissioners. Prior to acceptance of the deed and payment of the purchase price, the attorney for movant Guyes advised the commissioner who was present that the 1950 city and county taxes were unpaid and that the movant insisted that the same should be paid from the proceeds of the sale. Considerable discussion of the question ensued, and prior to delivery of the deed and payment of the purchase price the commissioner stated in the presence of Sidney B. Guyes and his attorney "that the commissioners did not consider it legal and proper that such taxes be paid out of the proceeds of the sale and that the commissioners would not pay such taxes in accordance with the request made by Sidney B. Guyes through his attorney . . ." On the same day deed to the property was delivered to, and the purchase price paid by, Sidney B. Guyes, movant.

7. The commissioners filed their final report on 24 August, 1950, and it was approved that day by the Clerk. The report set forth the commissioners' receipts and disbursements and did not show as disbursements any payment of the 1950 city and county taxes.

8. On 3 October, 1950, movant Guyes filed a motion in the cause moving the court for an order directing the commissioners, in the distribution of the proceeds of sale, to pay the 1950 city and county taxes. On 9 October, 1950, the commissioners filed answer to the motion.

9. On 9 October, 1950, a hearing was held before the Clerk, with the commissioners and movant Guyes and his attorney being present. On 14 November, 1950, the Clerk rendered his decision, adjudging that the commissioners be required to pay the city, but not the county, taxes for the year 1950. From this judgment the commissioners and the movant appealed.

10. On 3 October, 1950, the date on which the motion of the movant was filed, the commissioners had disbursed all funds in their hands and on that date were not in possession, as commissioners, of any of the proceeds of the sale.

11. On 7 April, 1951, Judge Carr entered an order in the form of a notice to the attorneys for the tenants in common, directing that the tenants in common appear before the court at the courthouse in Graham, N. C., at 11 o'clock a.m. on 14 April, 1951, and show cause why the court should not enter an order requiring each of the tenants in common to refund to the commissioners such pro rata part of the proceeds of the sale received by each of them as may be necessary to pay the 1950 city and county taxes. Pursuant to the notice, all the parties appeared before the court, through counsel, at the appointed time and place, and the movant was granted right to file a reply to the commissioners' answer to the motion, the reply being filed 20 April, 1951.

12. That on the day of the order directing the sale of the property, same being 27 June, 1950, the amount of the 1950 county or city taxes upon the property had not been determined, and on that date the tax rate of neither political subdivision had been set; that the Commissioners of the County of Alamance set the county tax rate on 31 July, 1950, and the City Council of the City of Burlington set the city tax rate on 18 July, 1950.

13. The 1950 county taxes amounted to $258.90 and the 1950 city taxes amounted to $352.47.

Upon the facts found Judge Carr concluded as a matter of law that the movant, Sidney B. Guyes, is entitled to judgment against the former owners of the land requiring them to pay both the city and county taxes against the land for the year 1950, and judgment was entered directing each of them to pay his or her pro rata share of the total amount of these taxes.

From the judgment entered, the original petitioners and defendants, former owners of the land, appealed to this Court, assigning errors.

*Cooper, Sanders & Holt and Long & Long for the original petitioners and defendants, appellants.*

*Thomas C. Carter, J. Elmer Long, and Clarence Ross for movant, appellee.*

JOHNSON, J.   Ordinarily, in the absence of statute, when land is sold under judicial sale, all taxes accrued prior to the consummation of the sale are charges on the property, rather than on the proceeds of the sale, and pass with the property to the purchaser.   31 Am. Jur., Judicial Sales, sections 172 and 220.

In this jurisdiction, however, by statute, G.S. 105-408, a judicial sale of land, as between the purchaser and the parties to the proceeding, transfers the lien of a designated class of tax accruals to the proceeds of sale in exoneration of the land.   The pertinent provisions of this statute are as follows: "In all civil actions and special proceedings wherein the sale of any real estate shall be ordered, the judgment shall provide for the payment of all *taxes then assessed upon the property* and remaining unpaid, . . . all of which payments shall be adjudged to be made out of the proceeds of sale . . ." (Italics added).

In the instant case, the order directing the sale was entered by the court on 27 June, 1950.   The City Council of the City of Burlington (acting under the provisions of G.S. 105-339), set the tax rate and levied for the City on 18 July, 1950.   The Board of Commissioners of Alamance County set the tax rate and levied for the County on 31 July, 1950.   The sale was confirmed 10 August, 1950.   The purchase price was paid and the deed delivered by the commissioners on 24 August, 1950.

The question for decision here is: What taxes are intended to be covered by the statutory expression "taxes then assessed upon the property"?

The question seems to be settled by what is said in *Chemical Co. v. Brock,* 198 N.C. 342, 151 S.E. 869.   It is there said: "The statute contemplates the payment, out of the proceeds of the sale, of such taxes as are assessed when the sale is made . . ." *Adams, J.,* speaking for the Court, then goes on to define the word "assessed" as used in the statute: "To assess a tax is to fix the proportion which each person among those who are liable to it has to pay; to fix or settle a sum to be paid by way of a tax; to charge with a tax.   Black's Law Dictionary; Bouvier's Law Dictionary.   An assessment or levy of a tax is essential to its certainty."   It thus appears that the Court interpreted the word "assessed" as being synonymous with "levied."   This is manifest from the conclusion reached in the decision, bot. p. 345: "For the purpose of attaching to and following the land the lien of the tax when *assessed and levied* relates back to the first day of May; but the proceeds of a sale made under section 7980 (now G.S. 105-408) *may be applied to such taxes only as are assessed when the sale is made.*" (Italics added.)

Until a judicial sale is confirmed, the purchaser is a mere preferred proposer.   *Parker v. Dickinson,* 196 N.C. 242, 145 S.E. 231; *Dixon v. Osborne,* 204 N.C. 480, 168 S.E. 683.   Therefore it would seem that a judicial sale is not deemed made as contemplated by the statute (G.S.

105-408) until it is confirmed. See *Harrell v. Blythe,* 140 N.C. 415, 53 S.E. 232. This is in accord with the rationale of the decision in *Chemical Co. v. Brock, supra,* cited by the appellants. See last paragraph of page 345.

Title is not involved here. Therefore we are not concerned with the rule under which title, upon confirmation, relates back to the date of sale. *Parker v. Dickinson, supra; Vass v. Arrington,* 89 N.C. 10.

In the instant case the tax levies had been made by both the city and the county before the order of confirmation was entered 10 August, 1950.

It follows, then, that the court below correctly ruled that the taxes of both taxing units should have been paid out of the proceeds of sale.

The appellants' plea of waiver seems to be without substantial merit. An intentional relinquishment of a known right is a prerequisite of waiver. 56 Am. Jur., Waiver, sec. 15. The purchaser's right to have the city and county taxes paid out of the proceeds of sale was fixed by statutory mandate. On the record as presented it has not been made to appear that he intentionally relinquished this right. The case of *Johnson v. Lumber Co.,* 225 N.C. 595, 35 S.E. 2d 889, cited by the appellants, is distinguishable. Nor has it been made to appear that appellants have been prejudiced by any delay of the movant, appellee, in asserting his rights, and in the absence of such showing the benefits of the defense of laches may not be invoked. 30 C.J.S., Equity, sections 112 and 118. The court below properly overruled the appellants' pleas of waiver and laches.

The judgment below is

Affirmed.