## Wilkes-Barre et al. v. Luzerne County Tax Claim Bureau et al.

*Albert Aston* and *Peter Paul Olzewski*, for City of Wilkes-Barre.

*Theodore A. Evans*, for School District of Wilkes-Barre.

*R. L. Coughlin*, for Tax Claim Bureau of Luzerne County.

*John Boyle*, for George Albert.

VALENTINE, P. J., April 1, 1955.—On September 7, 1954, the Tax Claim Bureau of Luzerne County exposed the premises Nos. 170-172 Carlisle street, Wilkes-Barre, Pa., to public sale, at which time George Albert purchased the same for $1,525.

We now have before us objections filed by the City of Wilkes-Barre and by the Wilkes-Barre City School District to the confirmation of this sale to Albert.

The facts relative to the situation are uncontroverted and may be summarized as follows:

The upset price or amount of unpaid taxes was erroneously designated as $723.07. This amount included only the taxes returned for the years 1950, 1951 and 1952. The total amount of taxes which had been returned against said property, including those for the years 1950 to 1952, together with costs, totaled $6,788.16, and this was the minimum or correct upset price for the premises advertised for sale.

The Act of July 7, 1947, P. L. 1368, sec. 605, 72 PS §5860.605, provides:

"The bureau shall fix as the upset price to be realized at the sale of any property upon a claim absolute, the sum of (a) the tax liens of the Commonwealth, (b) the amount of the claim absolute and interest thereon on which the sale is being held, (c) the amount of any other tax claim or tax judgment due on such property and interest on the judgment to the date of sale, (d) *the amount of all accrued taxes, whether or not returned*, a record of which shall be furnished to the bureau by tax collectors, receivers of taxes and taxing districts, (e) the amount of the municipal claims against the property, and (f) the record costs and costs of sale, including pro rata costs of the publication of

notice and costs of mail and posted notices in connection with the return of the claim and mail and posted notices of sale. . . .

"*No sale of property shall be made by the bureau unless a bid equal to the upset price is made*, and where sufficient is not bid, the sale shall be continued from month to month without further advertisement for not more than three (3) months in order to give the bureau a chance to sell the property at private sale, or to petition Court for an order to sell the same, freed and discharged of all liens as hereinafter provided."

On September 22, 1954, Albert was informed of the error and advised that he would be permitted to submit an additional bid of $5,263.16 to supplement his prior bid, which would result in the sale of the property for the proper upset price in accordance with the above requirement that no sale shall be made "unless a bid equal to the upset price is made". This he declined to do.

Section 607 of the same act (72 PS §5860.607(*d*)) provided for the filing of objections or exceptions to a tax sale in the following language:

"*Any objections or exceptions to such a sale may question the regularity or legality of the proceedings of the bureau in respect to such sale*, but may not raise the legality of the taxes on which the sale was held, or of the return thereof to the bureau, or the claim entered therefor. In case any objections or exceptions are filed they shall be disposed of according to the practice of the Court. If the same are overruled or set aside, a decree of absolute confirmation shall be entered by the Court." (Italics supplied.)

Counsel for Albert contends that the acceptance of the bid constituted a contract which could only be avoided for mutual mistake. The case of Orban v. Orasz et al., 13 Somerset 412, relied upon, involved title

to real estate which had been purchased at a treasurer's sale. No question of the construction of the Act of 1947 (here involved) was there presented.

Section 608 of the Act of July 7, 1947, supra, 72 PS §5860.607, provides for the invalidation of a sale made by the tax bureau if objections filed to the same are sustained. By reason of the requirement that any sale made is subject to confirmation by the court it seems clear that until the confirmation of the sale the purchaser is in effect a mere preferred proposer: Parker v. Dickinson, 196 N. C. 242, 145 S. E. 231. Confirmation renders the sale no longer executory, but executed. The bidder becomes a purchaser and is thereafter regarded as an equitable owner of the property: Langyher v. Patterson et al., 77 Va. 470-473.

The price for which the premises were sold was clearly inadequate. The acceptance of the bid resulted from a clerical error in that the taxes returned for several years prior to 1950 had not been included in determining the upset price. The sale as made was prohibited by the express language of section 605 of the Act of 1947, supra, that "no sale of property shall be made by the bureau unless a bid equal to the upset price is made."

The fact that Albert incurred expense in improving the property, prior to the confirmation of the sale and delivery of the deed, has no bearing upon the legality of the sale.

Therefore, the objections are sustained, the sale to Albert invalidated and we now direct that another sale of the property be held in conformity with the Act of 1947 (72 PS §5860.607 (e)) on the second Monday of July 1955, or any subsequent date to which said sale may then be adjourned.